```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    JACKSON DIVISION
```

**PAUL SANDERS**                                              **PLAINTIFF**

**VS.**                                    **CIVIL ACTION NO. 3:04CV964BN**

**CHRISTOPHER EPPS, ET AL**                                   **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

The Plaintiff, Paul Sanders, and counsel for the Defendants, John L. Clay, Special Assistant Attorney General, appeared before the undersigned United States Magistrate Judge on the 23rd day of August, 2005, at the James Eastland Federal Building and Courthouse in Jackson, Mississippi, for an omnibus hearing. The Court scheduled this hearing for various pretrial purposes, including a <u>Spears</u> hearing. The Court conducted this hearing in an attempt to insure the just, speedy and inexpensive determination of this *pro se* prisoner litigation and to determine whether or not the Plaintiff's claims were supported by a factual or legal basis. Pursuant to a Consent signed by all parties on August 23, 2005, District Judge William H. Barbour, Jr. entered an Order filed September 7, 2005, assigning this cause to the undersigned United States Magistrate Judge for all further proceedings.

The Plaintiff is an inmate incarcerated in the Central Mississippi Correctional Facility in Pearl, Mississippi, in the custody of the Mississippi Department of Corrections. The Defendants are Commissioner Christopher Epps, Superintendent

Lawrence Kelly, and Dr. Zein, an MDOC doctor.  According to the Plaintiff's sworn testimony at the omnibus hearing, his claims relate to the medical care he has received for a skin condition from which he suffers.  The Plaintiff testified that two years prior to his incarceration, he developed a spot on his big toe.  He treated it for two years with numerous over the counter antifungal medications.  About two months prior to his incarceration, the spot had spread to cover both of his feet, his pinkies, several fingers, and around his pants waistline and on his inner thighs.  He went to a Dr. Foster and was prescribed Nizoral tablets and given a steroid shot.  This cured most of the rash, although some of the sores were left on the inside of both his feet and on his pinkies.  The Plaintiff used more over the counter antifungal creams on this rather than returning to Dr. Foster.

A few months later, on May 10, 2000, the Plaintiff was incarcerated and eventually housed in MDOC custody.  The spots on his feet and pinkies worsened again, and he asked to see a doctor.  He was treated by MDOC physicians, including University Medical Center Drs. Carlson and Carter.  The Plaintiff contends that MDOC did not have Nizoril or Lamisil on the accepted medicine list; they simply kept prescribing him antifungal medications which were not successful.  This ineffectual treatment has continued during his five year incarceration and his skin disease does not improve.  As his relief in this lawsuit, the Plaintiff requests that he be taken

to a dermatologist and prescribed medications which will cure his painful skin disease. The Plaintiff does not believe that any Defendant or physician has anything personal against him; they are not purposely or maliciously failing to treat him properly.

The undersigned is sympathetic to the Plaintiff's problem and by Omnibus Order entered October 6, 2005, directed MDOC to investigate the Plaintiff's medical claims and report to the Court the result. On November 18, 2005, the Defendants submitted their report. According to the report, MDOC Medical Director Dr. Kittrell Liddell contacted the MDOC medical provider, Correctional Medical Services (CMS), and issued a synopsis of the Plaintiff's medical treatment. The Plaintiff has been diagnosed with "Tina Pedis" and "Dyshidrotic Eczema." According to the report, he is being seen on a routine basis for his skin rash and is not disabled. He is currently being treated with Fluconazole and Temovate, and there is "no indication for a Dermatologist consult at this time."

The Court has carefully considered the facts as alleged by the Plaintiff in conjunction with the applicable law regarding the medical care that these Defendants are required to provide the Plaintiff, an inmate in their custody. The Plaintiff is reminded that his rights under the United States Constitution are not violated simply because these Defendants were negligent or inattentive or the treatment is not what the Plaintiff prefers.

Although actionable as a tort under common law, medical malpractice does not create a constitutional claim.  This Court does not have the authority under the law to order specific treatments or to second guess the physicians' recommendations for treatment.

Assuming the facts as stated by the Plaintiff are accurate, the treatment the Plaintiff has received has been unsuccessful and he still suffers from his skin rash.  Although this situation is regrettable, and the Court would hope that the medical provider, CMS, would allow the Plaintiff to see a dermatologist if further treatment is unsuccessful, this case is only one of simple negligence at most.  The Court finds that the facts do not state a cause of action under 28 U.S.C. § 1983 or the United States Constitution.

Indifference to a prisoner's **serious** medical needs does constitute an actionable Eighth Amendment violation under §1983.  *Estelle v. Gamble*, 429 U.S. 97, 105-07 (1976); *Jackson v. Cain*, 864 F.2d 1235, 1244 (5th Cir. 1989).  These Defendants cannot be found to be "indifferent" because they have provided frequent and continuous treatment, albeit not completely successful.  The Fifth Circuit Court of Appeals has clearly stated that *negligent medical care does not constitute a valid section 1983 claim.  Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993).  Delay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference, *which results in substantial harm.  Id.*, citing *Wesson v. Oglesby*, 910 F.2d 278, 284 (5th Cir. 1990)

4

(delay must constitute "deliberate indifference"); <u>Shapley v. Nevada Bd. of State Prison Comm'rs</u>, 766 F.2d 404, 407 (9th Cir. 1985) (delay must result in "substantial harm").

Additionally, as the Fifth Circuit has stated, "[d]eliberate indifference encompasses only the unnecessary and wanton infliction of pain repugnant to the conscience of mankind." <u>McCormick v. Stalder</u>, 105 F.3d 1059, 1061 (5th Cir. 1997). The facts in the Plaintiff's case confirm that no Defendant or Defendant's employee **intended** to inflict pain of any kind. The standard for finding "deliberate indifference" is a **subjective** inquiry, and the prisoner must show that the jail officials were **actually aware of the risk**, yet consciously disregarded or ignored it. <u>Farmer v. Brennan</u>, 511 U.S. 825, 837-839 (1994). Therefore, **actual knowledge and conscious disregard** of the risk of harm to the plaintiff is required before liability can be found. *Id.* Furthermore, deliberate indifference cannot be simply inferred from a prison official's mere failure to act reasonably, i.e., from negligence alone. <u>Lawson v. Dallas County</u>, 286 F.3d 257, 262-63 (2002), citing <u>Hare v. City of Corinth, MS</u>, 74 F.3d 633, 649 (5th Cir. 1996).

Under the law, a prisoner is not entitled to the treatment that judges might prefer, or medical treatment or therapy equivalent to that provided by Medicaid or Medicare. <u>Ruiz v. Estelle</u>, 679 F.2d 1115, 1149 (5th Cir. 1982). Moreover, the Plaintiff has no constitutional right to the "best" medical treatment available. <u>McMahon v. Beard</u>, 583 F.2d 172, 174 (5th Cir. 1978).

The United States Constitution does not forbid negligence, and Plaintiff's claim is not a cognizable claim under 42 U.S.C. § 1983. For these reasons, the Court finds that the Complaint filed in the instant case fails to state a claim upon which relief may be granted, is legally frivolous, and should be dismissed under 28 U.S.C. § 1915(e)(2)(B)(I) and (ii) with prejudice.

IT IS, THEREFORE, ORDERED that the Complaint is dismissed with prejudice and that a separate Final Judgment in favor of the Defendants shall be entered on this date.

THIS the 15th day of February, 2005.

                                                S/ Alfred G. Nicols, Jr.
                                           UNITED STATES MAGISTRATE JUDGE